**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 2:98-CR-18 (DF-CE) |
| | § | |
| CHRISTOPHER TAYLOR | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On October 24, 2007, the court held a hearing on the government's petition (#90) to revoke supervised release. The government was represented by Assistant United States Attorney Ms. Denise Simpson. The defendant was represented by Mr. Rick Shumaker.

Christopher Taylor was sentenced on March 9, 2000, before the Honorable David Folsom, U.S. District Judge for the Eastern District of Texas, after his conviction for the Distribution of Cocaine Base within 1,000 Feet of a Playground and the Distribution of Cocaine Base. Christopher Taylor was subsequently sentenced to 64 months imprisonment on each count, to be served concurrently, followed by six (6) years of supervised release. On August 4, 2003, Christopher Taylor completed his period of imprisonment and began service of the supervision term.

On September 24, 2007, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions of release:

1) The defendant shall participate in a program for the testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant is ordered to submit to a drug test within 15 days of his release. Specifically, the government alleges as follows: On April 4, 2007, Mr. Taylor submitted a urine sample which tested positive for cocaine.

The court scheduled a revocation hearing for October 24, 2007. At the hearing on the government's petition, the defendant denied the allegation set forth above. Ms. Denise Simpson thereafter called Ms. Deborah White, of the U. S. Probation Office, to testify for the government. Ms. White presented sworn testimony concerning the defendant's positive urine test, and offered the test results into evidence. *See* Exhibit 1 to Oct. 24, 2007 Hearing. In this regard, Ms. White testified that on April 4, 2007, the defendant provided a urine sample to Mr. Mark Finley, an employee of the U.S. Probation Office. Mr. Finley conducted an initial test which indicated that cocaine was present in the defendant's urine. Mr. Finley thereafter sent the urine sample to Kroll for final analysis. *See id.* Kroll subsequently concluded that the defendant's urine tested positive for the presence of cocaine. *Id.* During cross examination, Mr. Shumaker developed testimony that Ms. White was not aware of any previous positive drug test by the defendant. In his defense, the defendant provided sworn testimony that he had not used drugs since 1997.

After considering the evidence and argument of counsel, the court found, by a preponderance of the evidence, that the defendant violated the conditions of his supervised release as alleged in the U.S. Probation Office's petition. The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 18 months, with no term of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the court accept the finding of the Magistrate Judge that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, with no term of supervised release to follow such term of

imprisonment.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 14th day of January, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE